# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Robert Michael Hughes, | Case No. 24-cv-3713 (LMP/DLM) |
| Petitioner, | |
| v. | **ORDER** |
| Lisa Stenseth, Warden, | |
| Respondent. | |

This matter comes before the Court on the Report and Recommendation ("R&R") of United States Magistrate Judge Douglas L. Micko (ECF No. 4) recommending that Petitioner Robert Michael Hughes's Amended Petition for a Writ of Habeas Corpus ("Amended Petition") (ECF No. 2) be dismissed for lack of jurisdiction.

After the R&R was issued, Hughes separately brought motions requesting that (1) he be provided copies of all documents filed in this proceeding (ECF No. 5); (2) this proceeding be treated as a "continuation" of his first habeas proceeding and stayed while Hughes seeks appellate authorization to file a successive habeas petition (ECF No. 6); and (3) the Court order the Minnesota Department of Corrections ("DOC") to provide him certain law library access, among other things (ECF No. 10).  For the reasons set forth below, the Court adopts the R&R, grants in part Hughes's request for copies of documents from this proceeding, denies his request that this proceeding be treated as a "continuation" of his previous habeas proceeding, and denies his request for an order providing him law library access.

## DISCUSSION

**I.     Report and Recommendation**

Hughes previously sought, and was denied, habeas corpus relief from the conviction at issue in his Amended Petition. *See Hughes v. King*, No. 10-cv-450 (MJD/SRN), 2010 WL 1576820, at *1 (D. Minn. Apr. 20, 2010) (dismissing with prejudice Hughes's first application for habeas corpus relief as untimely). Under 28 U.S.C. § 2244(b)(3)(A), a petitioner seeking to file a second or successive habeas petition must first "move in the appropriate court of appeals for an order authorizing the district court to consider the application." Hughes neither sought nor received appellate authorization to file his Amended Petition, and the R&R thus concludes that the Court lacks jurisdiction to consider the Amended Petition. Hughes has not objected to the R&R's findings, and the Court finds no reason to depart from the R&R's conclusion.

**II.    Motion for Court to Provide Petitioner Court File as Part of These Proceedings**

Hughes requests that he be provided with free copies of all documents that have been submitted in this proceeding. *See* ECF No. 5. Parties in a case generally are not entitled to free copies of documents submitted to federal courts beyond those included in notices of electronic filing or docket activity.[1] Nonetheless, Hughes's motion will be granted as it pertains to the initial petition (ECF No. 1), the Amended Petition (ECF No. 2),

---

[1] *See Electronic Public Access Fee Schedule*, UNITED STATES COURTS (Dec. 31, 2019), https://www.uscourts.gov/services-forms/fees/electronic-public-access-fee-schedule [https://perma.cc/SF8S-EFLC] ("Parties in a case (including *pro se* litigants) and attorneys of record receive one free electronic copy, via the notice of electronic filing or notice of docket activity, of all documents filed electronically, if receipt is required by law or directed by the filer.").

and the docket sheet for this matter. In addition, the Court will direct the Clerk of Court to return the exhibits Hughes submitted alongside the Amended Petition. In all other respects, Hughes's motion is denied.

### III.   Motion for Court to Accept Current Petition as a Continuation of Previous Habeas Corpus Proceeding

Hughes also requests that his first habeas proceeding be reopened and consolidated with this proceeding, and that this proceeding be treated as a "continuation" of his first habeas proceeding, which was dismissed with prejudice over fourteen years ago. *See* ECF No. 6; *see generally Hughes*, 2010 WL 1576820.

A petitioner may seek relief from a judgment entered in a habeas proceeding pursuant to Rule 60(b) of the Federal Rules of Civil Procedure so long as the Rule 60(b) motion does not contain any "claims" that could form the basis for an application for habeas relief.[2] *See Gonzalez v. Crosby*, 545 U.S. 524, 534–35 (2005) ("If neither the motion itself nor the federal judgment from which it seeks relief addresses federal grounds for setting aside the movant's state conviction, allowing the motion to proceed as denominated creates

---

[2] Although Petitioner does not frame his motion as one seeking relief from a judgment under Federal Rule of Civil Procedure 60(b), the Court construes Petitioner's request as a motion pursuant to Rule 60(b) because Petitioner's requested relief would effectively set aside the judgment entered in his first habeas proceeding. *See Castro v. United States*, 540 U.S. 375, 381–82 (2003) (explaining that federal courts may recharacterize motions filed by *pro se* litigants "to create a better correspondence between the substance of a *pro se* motion's claim and its underlying legal basis") (citations omitted). Specifically, the Court construes Petitioner's motion as seeking relief under Rule 60(b)(6) because, in context, that is the only provision of Rule 60(b) that could apply. Petitioner is time-barred from asserting the first three provisions of Rule 60(b), *see* Fed. R. Civ. P. 60(c); he cannot credibly argue that the judgment is void, *see* Fed. R. Civ. P. 60(b)(4); and the judgment has not been satisfied, released, discharged, reversed, or vacated, nor is applying it prospectively inequitable, *see* Fed. R. Civ. P. 60(b)(5).

no inconsistency with the habeas statute or rules."). However, although Rule 60(d) "does not limit a court's power to entertain an independent action to relieve a party from a judgment, order, or proceeding," Fed. R. Civ. P. 60(d), it does not "provide an independent basis for federal jurisdiction." *Lemke v. Barber*, No. 3:20-cv-00345-GPC-LL, 2020 WL 1450440, at *2 (S.D. Cal. Mar. 25, 2020); *see also Jovaag v. Ott*, No. 12-cv-003316 RMW, 2012 WL 3686087, at *2 (N.D. Cal. Aug. 24, 2012) ("[A party] cannot use Rule 60(d) to attack a judgment entered in a different court unless [his] claims could give rise to federal jurisdiction on their own."). Because the Court lacks jurisdiction to consider Hughes's Amended Petition, it may not consider, much less grant, Hughes's Rule 60(b) motion. In other words, Hughes's motion should be raised in the proceeding in which the judgment was entered, not in an unauthorized successive habeas petition over which the Court lacks jurisdiction.

Setting aside the procedural defects with Hughes's request, relief under Rule 60(b) is an extraordinary remedy "which may be granted only upon an adequate showing of exceptional circumstances." *Wagstaff & Cartmell, LLP v. Lewis*, 40 F.4th 830, 842 (8th Cir. 2022) (internal quotation marks and citation omitted). Further, under Rule 60(b)(6), the moving party must show "extraordinary circumstances suggesting that the party is faultless in the delay." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393 (1993) (internal quotation marks and citation omitted). Hughes's assertion that the conditions of his confinement restricted his access to information he needed to timely submit his "original petition" falls well short of that standard. Moreover, Hughes offers no

4

explanation for why he raises this issue now—more than fourteen years after his original petition was dismissed with prejudice.

Alternatively, Hughes requests that this matter be stayed while he seeks authorization from the Eighth Circuit to proceed with a successive habeas petition. Hughes has previously requested authorization and was denied, *In re Hughes*, No. 13-1649 (8th Cir. Aug. 19, 2013), and there is little reason to believe that a renewed request on these grounds would fare any better. *See* 28 U.S.C. § 2244(b)(2) (describing grounds on which successive habeas petitions may be authorized). Regardless, Hughes was required to seek and obtain authorization *before* filing his successive habeas petition, not after. *See* 28 U.S.C. § 2244(b)(3)(A).

For these reasons, Hughes's requests to (1) reopen his previous habeas proceeding, or (2) stay this habeas proceeding while he seeks authorization to file, are denied.

**IV.     Motion for Additional Law Library Access**

Hughes also asks the Court to order the DOC to provide him with greater law library access than he currently receives, to permit him in-person consultation on legal issues with another inmate housed in a different unit, and to provide materials like photocopies, blank paper, envelopes, and stamps free of charge. ECF No. 10. While all prisoners "have a right of access to the courts, and prisons can provide that through means of making a law library available to the prisoner . . . an inmate must show that shortcomings in prison resources hindered his efforts to pursue a legal claim." *Propotnik v. Minn. Dep't of Corr.*, No. 14-cv-3799 (PJS/JJK), 2015 WL 321548, at *5 (D. Minn. Jan. 26, 2015) (citations omitted).

Notably, Hughes does not allege that he is being denied access to the law library entirely or identify specific documents or information to which he has been denied access such that his ability to pursue his claims has been hindered; instead, he simply seeks additional access.  Given that the Court dismisses Hughes's Amended Petition for lack of jurisdiction, Hughes has not demonstrated that the limitations on his law library access "resulted in actual injury, that is, the hindrance of a *nonfrivolous and arguably meritorious* underlying legal claim." *Hartsfield v. Nichols*, 511 F.3d 826, 831 (8th Cir. 2008) (emphasis added).  To the extent that Hughes's request pertains to problems with timely filing his first habeas application, similar claims have been rejected.  *See Entzi v. Redmann*, 485 F.3d 998, 1005 (8th Cir. 2007) (rejecting plaintiff's claim that insufficient library time caused him to file untimely habeas corpus petition because plaintiff did not produce sufficient evidence that he could not have located relevant habeas deadlines in library books in the time permitted by his conditions of confinement).

Hughes's request for in-person legal consultation with a fellow inmate suffers from similar deficiencies.  As an initial matter, prison inmates do not have a constitutional right to assist other inmates with legal filings.  *See Rouse v. Benson*, 193 F.3d 936, 941 (8th Cir. 1999) (citing *Williams v. Nix*, 1 F.3d 712, 716 (8th Cir. 1993)).  Furthermore, Hughes does not appear to allege that he has been denied access to *any* legal assistance but rather that he has been denied in-person legal consultation with another inmate about Hughes's legal issues.

Finally, Hughes's requests for free photocopies, blank paper, envelopes, and stamps are matters of prison administration that are "generally not within the province of the

6

courts." *Walker v. Lockhart*, 713 F.2d 1378, 1383 (8th Cir. 1983). "[C]ourts should accord a high degree of deference to prison authorities" because "courts have little expertise in the 'inordinately difficult' task of running prisons." *Klinger v. Dep't of Corr.*, 31 F.3d 727, 732 (8th Cir. 1994) (quoting *Turner v. Safley*, 482 U.S. 78, 85 (1987)). Hughes has not shown that the policies and practices he identifies are unlawful or unjustified. *See Jones v. N.C. Prisoners' Lab. Union, Inc.*, 433 U.S. 119, 125 (1977) ("Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system."). As such, the Court declines to second-guess the Minnesota DOC policies at issue here.

For the foregoing reasons, Hughes's motion (ECF No. 10) is denied in its entirety.

## ORDER

Based on the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The Report and Recommendation (ECF No. 4) is **ADOPTED**;

2. Hughes's Motion for Court to Provide Petitioner Court File as Part of These Proceedings (ECF No. 5) is **GRANTED IN PART** and **DENIED IN PART** as follows:

    a. The motion is **GRANTED** insofar as the Clerk of Court is directed to provide one (1) copy of the initial petition (ECF No. 1), the Amended Petition (ECF No. 2), and the docket sheet for this matter to Hughes without cost to him, and to return the original exhibits Hughes submitted to the Court alongside his petition (ECF No. 3);

   b.  The motion is **DENIED** in all other respects;

3.  Hughes's Motion for Court to Accept Current Petition as a Continuation of Previous Habeas Corpus (ECF No. 6) is **DENIED**;

4.  Hughes's Motion for Law Library Access (ECF No. 10) is **DENIED**;

5.  This matter is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction; and

6.  No certificate of appealability will be issued.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: November 15, 2024      s/Laura M. Provinzino
                      Laura M. Provinzino
                      United States District Judge